UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>S/Y TEMPO, Official Number 1271877 *in rem*; and the ESTATE OF LUDWIG VOLLERS III, *in personam*,<br><br>    Defendants, | IN ADMIRALTY<br><br>Case No.  2:22-cv-1151<br><br>VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE |

Plaintiff Peoples Bank, by way of Verified Complaint, verifies, states and alleges as follows:

## I. INTRODUCTION

1. Plaintiff Peoples Bank granted a loan to Ludwig Vollers III, which loan is secured by, *inter alia*, a preferred mortgage upon the U.S. documented sailing yacht TEMPO, Official No.1271877.  The Borrower has defaulted upon the loan.  Plaintiff Peoples Bank commences this action against the vessel and its appurtenances, *in rem,* and against Ludwig Vollers III, *in personam*, for any deficiency judgment after application of any recoveries from the sale of the Vessel herein.

AMENDED VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE  - 1

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599
4879-4313-7837.1

## II. PARTIES

2. Plaintiff Peoples Bank (hereinafter at times referred to as "Peoples Bank" or the "Bank") is a bank corporation organized and existing under the laws of the State of Washington.

3. *In rem* defendant, S/Y TEMPO, Official Number 1271877 (the "Vessel"), is a recreational vessel owned by Ludwig Vollers III, and believed to be currently located in the State of Washington within this District and division, in Seattle, Washington.

4. *In personam* defendant Ludwig Vollers III ("Vollers" or "Borrower"), on information and belief, is a resident of King County, Washington.

## III. JURISDICTION AND VENUE

5. This is a case of admiralty and maritime jurisdiction brought pursuant to 28 U.S.C. § 1333 that presents admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has original and exclusive jurisdiction over this action in admiralty *in rem* and original jurisdiction over the action *in personam* in accordance with the provisions of 46 U.S.C. §31325(c).

6. The Court has jurisdiction over the claims of Peoples Bank against the *in rem* defendant because the

7. The defendant vessel S/Y TEMPO and its appurtenances are within this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the *in rem* defendant M/Y TEMPO is currently located within this District and division.

## IV. FACTUAL BACKGROUND

9. On or about April 14, 2016, for valuable consideration, Vollers executed and delivered to Peoples Bank a Promissory Note in favor of Peoples Bank in the original principal amount of $337,706.00, together with interest at 5.270% per annum (as amended, supplemented, or otherwise modified, the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE - 2

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599
4879-4313-7837.1

10. To secure repayment of the obligations of Vollers under the Note, Vollers executed and delivered to Peoples Bank a Preferred Mortgage of Vessel upon the S/Y TEMPO, Official Number 1271877 in favor of Peoples Bank dated April 14, 2016 (the "Preferred Mortgage") to secure all amounts due Peoples Bank under the Note. The Preferred Mortgage was duly recorded with the United States Coast Guard National Vessel Documentation Center on June 25, 2016. A true and correct copy of Peoples Bank's Preferred Mortgage is attached hereto as **Exhibit B**.

11. On April 15, 2022, Vollers defaulted on the Note by failing to make payments of amounts owed to Peoples Bank on that date and thereafter under the Note.

12. The Note provides that if payments are more than ten days late, Peoples Bank may charge a late fee equal to 5.00% of the regularly scheduled payment or $50.00, whichever is less (each instance, a "Late Charge"). The Note further provides that the Borrower will pay Peoples Bank its attorneys' fees and legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses or bankruptcy proceedings, appeals and costs ("Legal Fees & Expenses"). The Note further provides that it shall be binding upon Voller's heirs, personal representatives, successors and assigns. The Note further provides that if judgment is entered in connection with the Note, interest will continue to accrue after the date of judgment at the rate in effect at the time judgment is entered.

13. As of July 15, 2022, the total amount outstanding under the Note was $297,773.83, which consisted of the following: the principal amount of $294,722.94, interest in the amount of $3,050.89. Peoples Bank has and will continue to incur attorneys' fees and costs in connection with enforcement of the Note. Also continuing to accrue under the Note are continuing interest and Late Charges.

14. Plaintiff brings this Verified Complaint to Foreclose Preferred Mortgage, *in rem*, against the SY TEMPO and to secure a deficiency judgement against the *in personam* defendant

VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE - 3

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599
4879-4313-7837.1

Vollers for all amounts remaining due Peoples Bank after application of the net amounts recovered from the disposition of the said Vessel.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(Breach of Contract Foreclosure of Preferred Mortgage)

15. Peoples Bank incorporates by reference all allegations set forth above.

16. Peoples Bank and Ludwig Vollers III entered into a valid contract (the Note) that obligated Vollers to repay the amounts owed to Peoples Bank under the Note and the Preferred Mortgage.

17. Peoples Bank performed its obligations under the Note and Preferred Mortgage in all material respects. Vollers has defaulted and refused to pay the sums due.

18. Vollers is in default under the Note for, among other things, his failure to pay the amounts due under the Note. These defaults constitute breach of the Note and the Preferred Mortgage. Peoples Bank is entitled to judgment against the Vollers for damages for his breaches of contract.

19. As stated in paragraph 13, above total amount owed under the Note as of July 15, 2022, is $297,773.83, with additional interest, Late Charges, Legal Fees & Expenses and costs continuing to accrue.

### SECOND CLAIM FOR RELIEF

(FORECLOSURE OF PREFERRED MORTGAGE)

20. Peoples Bank incorporates by reference all allegations set forth above.

21. Under Peoples Bank's Preferred Mortgage, upon any default in payment upon the Note, Peoples Bank is entitled to foreclose its mortgage upon the S/Y TEMPO.

22. Pursuant to 46 U.S.C. § 31325(a), Peoples Bank's Preferred Mortgage grants Peoples Bank a valid and enforceable preferred mortgage lien in the S/Y TEMPO and all its appurtenances, for the full amount of Borrower's indebtedness under the Note.

VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE - 4

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599
4879-4313-7837.1

23. Pursuant to 46 U.S.C. §§ 31325(b)(1) and 31326, and the terms of Peoples Bank's Preferred Mortgage, upon a default under the Note, Peoples Bank is entitled to enforce its preferred mortgage liens in a civil action brought in rem under Rule C of the Supplemental Rules to foreclose Peoples Bank's Preferred Mortgage.

24. Peoples Bank hereby elects to foreclose Peoples Bank's Preferred Mortgage on the S/Y TEMPO and all of its appurtenances.

## VI. PRAYER FOR RELIEF

WHEREFORE, Peoples Bank prays for relief as follows:

25. That process in due form of the law issue against the defendant vessel S/Y TEMPO and its appurtenances, and as against the *in personam* defendant Ludwig Vollers III.

26. On its second claim for relief:

(A.) That the court award Peoples Bank judgement *in rem* against the defendant vessel S/Y TEMPO for and it appurtenances all amounts due under the Note, including interest, Late Charges, and Legal Fees & Expenses incurred by Peoples Bank in the enforcement of its Note and Preferred Mortgage. That this Court declare the liens of Peoples Bank's Preferred Mortgage, and the judgment entered for Peoples Bank thereon, to be superior to all other liens and other encumbrances which may exist against the S/Y TEMPO;

(B.) That the clerk of this Court be directed to issue to the U.S. Marshal a writ for the sale of the S/Y TEMPO, and its engines, tackle, gear, and appurtenances;

(C.) That Peoples Bank's Preferred Mortgage be foreclosed and the S/Y TEMPO, her engines, tackle, gear, and other appurtenances, be sold in accordance with the law, that the proceeds of the sale be applied and delivered to pay the claim of Peoples Bank as set forth herein, including all costs, Legal Fees & Expenses, and that it be declared that any and all persons or entities claiming any interest in the S/Y TEMPO and

VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE - 5

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599
4879-4313-7837.1

appurtenances be forever foreclosed from asserting their claims as against the S/Y TEMPO, her engines, tackle, gear, and other appurtenances, including all rights of equity or redemption of claim;

   (D.) That, at the sale of the S/Y TEMPO and her appurtenances, Peoples Bank be permitted to credit bid without cash deposit, up to the extent of its judgment.

27. That Peoples Bank and recover from Ludwig Vollers III, individually, judgement for any deficiency after the application and delivery of the proceeds from the sale of the S/Y TEMPO.

28. For all other and further relief as in law and in equity it may be entitled to receive.

DATED this 16th day of August, 2022.

*s/Jess G. Webster*
Jess G. Webster, WSBA No. 11402
*s/Drew F. Duggan*
Drew F. Duggan, WSBA No. 50796
MILLER NASH LLP
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA 98121-1128
Tel: (206) 624-8300
Fax: (206) 340-9599
Email: jess.webster@millernash.com
Email: drew.duggan@millernash.com

Attorneys for Peoples Bank

VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE - 6

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599
4879-4313-7837.1

## VERIFICATION

I, IVAN DOVCHOVSKI, verify under the penalty of perjury under the laws of the United States that I am the VP/Credit Risk Officer of Peoples Bank, the Plaintiff herein, and I am familiar with the Plaintiff's operations, that I have read the within and foregoing Verified Complaint, know the contents thereof upon information reviewed and provided to me, and believe the same to be true and correct.

Dated this _15_ day of August, 2022.

_____
Ivan Dovchovski, VP/Credit Risk Officer – Peoples Bank

VERIFIED COMPLAINT TO FORECLOSE PREFERRED MORTGAGE - 7

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599
4879-4313-7837.1

# EXHIBIT A

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $337,706.00 | 04-14-2016 | 04-15-2041 | 5045794-101 | 64 | | 559 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** LUDWIG P VOLLERS III
4519 125TH AVE SE, #A102
BELLEVUE, WA 98006

**Lender:** PEOPLES BANK
MARINE LOAN CENTER
709 WESTLAKE AVENUE NORTH
SEATTLE, WA 98109
(206) 352-7040

**Principal Amount: $337,706.00** **Interest Rate: 5.270%** **Date of Note: April 14, 2016**

**PROMISE TO PAY.** I ("Borrower") promise to pay to PEOPLES BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Three Hundred Thirty-seven Thousand Seven Hundred Six & 00/100 Dollars ($337,706.00), together with interest on the unpaid principal balance from April 14, 2016, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 5.270% per annum, until paid in full. The interest rate may change under the terms and conditions of the "PREFERRED RATE REDUCTION" section. The interest rate may also change under the terms and conditions of the "INTEREST AFTER DEFAULT" section. Unless waived by Lender, any increase in the interest rate will increase the amounts of my payments.

**PAYMENT.** I will pay this loan in 300 payments of $2,027.92 each payment. My first payment is due May 15, 2016, and all subsequent payments are due on the same day of each month after that. My final payment will be due on April 15, 2041, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREFERRED RATE REDUCTION.** The interest rate on this Note includes a preferred rate reduction. Following is a description of the event that would cause the preferred rate reduction to terminate and how the new rate will be determined upon termination of the preferred rate reduction.

> **Description of Event That Would Cause the Preferred Rate Reduction to Terminate.**
> Cancellation of Automatic Payment.
> **How The New Rate Will Be Determined Upon Termination of the Preferred Rate Reduction.**
> Increase the current rate by 1.00 percentage points.

**MAXIMUM INTEREST RATE.** Under no circumstances will the interest rate on this Note exceed the lesser of 18.000% per annum or the maximum rate allowed by applicable law.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** In any event, even upon full prepayment of this Note, I understand that Lender is entitled to a minimum interest charge of $15.00. Other than my obligation to pay any minimum interest charge, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: PEOPLES BANK, MARINE LOAN CENTER, 709 WESTLAKE AVENUE NORTH, SEATTLE, WA 98109.

**LATE CHARGE.** If a payment is 10 days or more late, I will be charged 5.000% of the regularly scheduled payment or $50.00, whichever is less.

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note. If judgment is entered in connection with this Note, interest will continue to accrue after the date of judgment at the rate in effect at the time judgment is entered.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Cure Provisions.** If any default, other than a default in payment, is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if I, after Lender sends written notice to me demanding cure of such default: (1) cure the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other. (Initial Here ________)

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Washington without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Washington.

Loan No: 5045794-101

**PROMISSORY NOTE**
**(Continued)**

Page 2

CHOICE OF VENUE. If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of KING County, State of Washington.

RIGHT OF SETOFF. To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

COLLATERAL. I acknowledge this Note is secured by A PREFERRED MARINE MORTGAGE FROM LUDWIG P VOLLERS III TO LENDER EXECUTED ON _4/12/16_ ON THE FOLLOWING VESSEL: 2015 Jeanneau Sun Odyssey 469 (HULL Number IRJSE153C515).

ADDITIONAL PROVISIONS SPECIFIC TO BOATS. Borrower will maintain the boat portion of the property in good repair and seaworthy condition and comply with all applicable laws and regulations regarding periodic inspections, maintenance, conditions, use and operation of the boat.

The boat portion of the property will be docked or located at Elliott Bay Marina, 2601 W Marina Pl, Seattle, WA. So long as the borrower is not in default under the agreement, the boat portion of the property will not be restricted to a specific location and may be moved as necessary during the ordinary use. However, the boat may not be permanently removed from the United States without Lenders prior written consent, nor taken out of the State of Washington permanently. I understand that I must notify Lender anytime I permanently change location of where the boat will be located.

Borrower will maintain all tackle, equipment, motors, accessories, sails (if any) and furnishings now or hereafter belonging to the described boat, including without limitation, auxiliary engines, shore dinghies, ground tackle, all safety equipment, running rigging, mooring lines, and fenders, batteries, spare parts, electronic and navigational aids (including without limitation radar systems, radios, lorans, global positioning systems, depth sounders, speed logs, anemometers, electronic, charts and plotters), auto pilots, televisions, stereo systems, generators, inverters, navigational charts, together with all ending and vessel logs, owner/manufacturer manuals for the hull, engine, electrical wiring and plumbing diagrams, sail plans, safety equipment manuals, yard or transportation trailers and the items more particularly described on the inventory (if applicable).

SUCCESSOR INTERESTS. The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES. I may notify Lender if Lender reports any inaccurate information about my account(s) to a consumer reporting agency. My written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: PEOPLES BANK Loan Services PO BOX 233 LYNDEN, WA 98264.

GENERAL PROVISIONS. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

_____
LUDWIG P VOLLERS III

# EXHIBIT B

Marine Documentation Service, Inc.
212 Commercial Avenue
Anacortes, WA 98221
(360) 299-3272

# PREFERRED MORTGAGE OF VESSEL

1271877

From: Ludwig P. Vollers III, Mortgagor
To: Peoples Bank, Mortgagee

## To All to Whom These Presents Shall Come, Greeting:

Know ye, That Ludwig P. Vollers III of 4519 125th Avenue SE #A102 Bellevue, WA 98006, and all heirs, executors, or administrators, hereinafter referred to as "Mortgagor", and sole owner of the vessel called the TEMPO, Hull Number IRISE153C515 of Seattle, WA, hereinafter referred to as "Vessel", being justly indebted to Peoples Bank, PO Box 233 Lynden, WA 98264 and its executors, administrators, successors, and assigns, hereinafter referred to as "Mortgagee", in the sum of $337,706.00 dollars upon a certain promissory note, a copy of which is attached hereto, has, for the purpose of securing the payment of the said debt, and the interest thereon, granted, bargained, sold, and mortgaged and by these presents do grant, sell and mortgage unto the Mortgagee, the whole of the Vessel, together with all of the mast, bowsprit, boat, anchors, cables, chains, rigging, tackle, apparel, furniture, and all other necessaries thereunto appertaining and belonging.

To have and to hold the Vessel and all other before-mentioned appurtenances unto it the Mortgagee and to the sole and only proper use, benefit, and behoof of the Mortgagee forever:

Provided always, and the condition of these presents is such, that if the Mortgagor shall pay or cause to be paid, to the Mortgagee the debt aforesaid, with the interest thereon, at the time or times and in the manner following, to wit; repayment shall be in accordance with the terms of a certain promissory note, a copy of which is attached to this instrument; then these presents shall be void and of no effect, subject, however, to the provisions hereinafter contained; and the Mortgagor hereby agrees to pay the debt aforesaid, and the interest thereon, and to fulfill and perform each and every one of the covenants and conditions herein contained.

But if default be made in such payments, or in any one of such payments, or if default be made in the prompt and faithful performance of any of the covenants herein contained, or if the Mortgagee shall at any time deem itself in danger of losing said debt, or any part thereof, by delaying the collection thereof until the expiration of the time limited for the payment thereof, or if the Mortgagor shall sell or attempt to sell said property, or any part thereof, or if the same shall be levied upon or taken by virtue of any attachment or execution against the Mortgagor, or if the Mortgagor shall permanently remove, or attempt to permanently remove, the Vessel beyond the limits of the United States, or if the Mortgagor shall suffer and permit the Vessel to be run into debt, or if Mortgagor shall negligently or willfully permit said property to waste, or be damaged or destroyed, the Mortgagee is hereby authorized to take possession of said goods, chattels, and personal property at any time, wherever found, either before or after the expiration of the time aforesaid, and to sell and convey the same, or so much thereof as may be necessary to satisfy the said debt, interest and reasonable expenses, after first giving a notice of a legal number of days, to be given by publication in some newspaper published in the county where the Mortgagor resides or conducts business, and to retain the same out of the proceeds of such sale; the surplus (if any) to belong and to be returned to the Mortgagor.

And it is agreed that on such sale the Mortgagee may become the purchaser.

And the Mortgagor does further covenant and agree, to and with the Mortgagee, that the Mortgagor will immediately procure the Vessel to be insured against loss or damage by fire, and against all marine risks and disasters, in some good and responsible insurance company or companies, to be selected and approved by the Mortgagee, for an amount at least equal to the amount which shall from time to time remain unpaid upon the said indebtedness and interest thereon, and that the Mortgagor will keep such policy or policies renewed from time to time, and to keep the same valid at all times for the amount aforesaid; that the Mortgagor will do, suffer, or permit to be done, no act whereby said insurance would be liable to be forfeited, and that Mortgagor will immediately assign and deliver to the Mortgagee said policy or policies of insurance, having first duly obtained the proper consent of the insurance company or companies to such assignment, and that the Mortgagor will also promptly deliver to the Mortgagee the renewal certificates of said policies as a collateral security for the payment of said indebtedness. And if the Mortgagor shall fail to immediately procure, assign, and deliver such policy or policies as aforesaid, or shall at any time fail to immediately renew the same, and deliver the renewal certificates as aforesaid, the Mortgagee, it is hereby authorized to procure the Vessel to be insured as aforesaid, and to keep the policy or policies renewed; and the amount which it has to pay therefor shall be considered, and is hereby declared to be, an additional indebtedness hereby intended to be secured, and shall be repaid to the Mortgagee on demand, and shall bear interest at the rate reflected on the promissory note attached hereto from the time of such payment until repaid.

And it is hereby provided, that it shall be lawful for the Mortgagor to retain possession of the property hereby mortgaged, and at Mortgagor's own expense to use and enjoy the same until said indebtedness shall become due, unless the Mortgagee should at any earlier date declare this mortgage forfeited for nonperformance of any of the covenants herein contained, or by virtue of any authority hereby conferred on the Mortgagee.

Pursuant to the provisions of the Ship Mortgage Act of 1920, Subsection E, the Mortgagor will place, and use diligence to retain one copy of this Preferred Mortgage on board the mortgaged Vessel. The Mortgagor will cause such copy and the Document of the Vessel to be exhibited by the Master to any person or persons having business with the Vessel, which may give rise to a maritime lien upon the Vessel or to the sale, conveyance or mortgage thereof.

In testimony whereof, the Mortgagor has executed this instrument this __14th__ day of __April__, 2016.

_____
Ludwig P. Vollers III

State of __Washington__
County of __King__ } ss.

I certify that I know or have satisfactory evidence that Ludwig P. Vollers III signed this instrument, and acknowledged it to be their free and voluntary act and deed, for the uses and purposes therein mentioned.

In testimony whereof, I have hereunto set my hand and seal this __14th__ day of __April__, 2016.

_____
Notary Public in and for the State of __Washington__
residing at __Snohomish__ My commission expires __6-2-2017__

## Prior and Subsequent Liens Affidavit

I, the undersigned, in pursuance of the Ship Mortgage Act of 1920, do hereby certify that at the time of executing a certain preferred mortgage on the TEMPO of Seattle, WA, Hull Identification Number IRISE153C515, in favor of Peoples Bank, that there is no maritime lien, prior mortgage or other obligation or liability upon said vessel known to the undersigned mortgagor except: NONE. It is further certified that without the consent of the mortgagee under the above-mentioned mortgage, there will not be incurred after the execution of that mortgage, and before the mortgagee has had a reasonable time in which to record same and have the endorsement in respect thereto made upon the document of the said vessel, any contractual obligation creating a lien upon the vessel other than lien for wages for stevedores employed directly by the owner-master, or agent of the vessel, wages of the crew of the vessel, general average salvage, including contract salvage, in respect to said vessel.

X_____
Ludwig P. Vollers III

State of __Washington__
County of __King__ } ss.

I certify that I know or have satisfactory evidence that Ludwig P. Vollers III signed this instrument, and acknowledged it to be their free and voluntary act and deed, for the uses and purposes therein mentioned.

In testimony whereof, I have hereunto set my hand and seal this __14th__ day of __April__, 2016.

_____
Notary Public in and for the State of __Washington__
residing at __Snohomish__ My commission expires __6-2-2017__