UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>S/Y TEMPO, Official Number 1271877 in rem, and LUDWIG P. VOLLERS, in personam,<br><br>    Defendant. | CASE NO. 2:22-cv-1151<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment in Rem and in Personam against Defendants ("Motion" (Dkt. No. 28)). Having reviewed the Motion, Plaintiff's supporting declarations and materials, and taking into consideration the lack of opposition, the Court GRANTS Plaintiff's Motion.

**BACKGROUND**

In April 2016, Defendant Ludwig Vollers III ("Vollers"), executed and delivered to Plaintiff Peoples Bank, a promissory note in the original principal amount of $337,706.00, with

an interest at 5.270% per annum ("Note"). (Verified Complaint ¶ 9 ("Complaint") (Dkt. No. 1).) The Note was secured by a preferred mortgage upon the S/Y TEMPO, Official No. 127877 ("Vessel"), which was recorded with the United States Court Guard National Vessel Documentation Center (the Preferred Mortgage). (Id. at ¶ 10.) The Note provides that if payments are more than ten days late, Peoples Bank may charge a late fee equal to five percent (5%) of the regularly scheduled payment or $50.00, whichever is less. (Id. at ¶ 12.) The Note further provides for attorney fees and legal expenses that may be incurred in enforcing the Note. (Id.) On April 15, 2022, Vollers defaulted on the Note by failing to make payments of amounts owed to Peoples Bank. (Id. at ¶ 11.) As of July 15, 2022, the total amount outstanding under the Note was $297,773.83, which consisted of the principal amount of $294,722.94, and $3,050.89 in interest. (Id. at ¶ 13.)

On August 16, 2022, Peoples Bank commenced this action for foreclosure on the preferred mortgage on the Vessel, and for judgment against in personam Defendant Vollers. (Motion at 2.) On August 24, 2022, the Court issued a Warrant for Arrest of the Vessel (Dkt. No. 14) and the U.S. Marshal Service arrested the Vessel seven days later (Dkt. No. 25). Since then, a Notice of Arrest was duly published, and the Clerk of Court entered Default against the in personam Defendant and default in rem against the Defendant Vessel. (Motion at 2.) Peoples Bank now moves for entry of default judgment against Defendants.

## ANALYSIS

Federal Rule of Civil Procedure 55 governs default judgments. This rule first requires the Clerk of Court to enter default when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed. R. Civ. P. 55(a). Once the Clerk of Court enters default, a party seeking affirmative relief may apply to the Court to enter default

judgment. Fed. R. Civ. P. 55(b)(2). The Court has discretion when deciding a motion for entry of default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has previously identified seven factors that courts should consider when exercising their discretion as to the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**A.     Procedural Requirements**

The procedural requirements of the applicable federal and local rules are satisfied. Defendant has failed to enter an appearance, plead, or otherwise defend himself despite being served and receiving notice as to the claims brought against him. Peoples Bank provided proof of service of the Complaint and of the publication of Notice of Sale (See Affidavit of Service of Summons and Complaint (Dkt. No. 17); Affidavit of Publication of Notice of Sale (Dkt. No. 21).) And the Clerk of Court entered default against Defendant. (Order Granting Motion for Default (Dkt. No. 20).)

Peoples Bank now asks for default judgment, offering supporting declarations and evidence pursuant to Local Civil Rule 55(b)(2). Specifically, Peoples Bank provided the Declaration of Ivan Dochovski, which establishes the amount due under the Promissory Note through October 12, 2022. (Dkt. No. 29.) The Note provides for the accrual of interest on the debt, which has been accruing since the in personam Defendant's last payment upon the Note. The Note also provides for an interest rate of 5.270% per annum. Peoples Bank also provided the

Declaration of Jesse G. Webster, who confirms that total amount of reasonable attorneys' fees and costs incurred by Peoples Bank through November 7, 2022, as well as attests to the publication of the Notice of Arrest in the Seattle Daily Journal of Commerce. (Dkt. No. 30.) Attached to Webster's Declaration is the current Certificate of Ownership that demonstrates no other holders of any recorded interest in the Vessel, and a document demonstrating the recorded attorneys' fees and legal expenses. (Declaration of Jesse Webster, Exhibits A and B.) Taken together, these submissions constitute declarations and evidence sufficient to establish Peoples Bank's right to relief in accordance with the federal and local rules.

**B.     Substantive Considerations**

After taking the allegations in Peoples Bank's Complaint and the Motion as true, and considering the evidence submitted with the Motion, the Court considers each of the Eitel factors to determine whether entry of default judgment is warranted.

**1.     The Possibility of Prejudice to Plaintiffs**

In general, prejudice exists if default judgment provides a plaintiff its only recourse for recovery and if its attempt to recover via a judicial proceeding otherwise would be fruitless. See Phillip Morris USA, Inc., v. Castworld Prods., Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Defendant has not appeared in this action. In the absence of a default judgment, it would be difficult, if not impossible, for Peoples Bank to recoup any funds Defendant owes under the Note. There is no indication Defendant will pay Peoples Bank the sum he agreed to pay, which means that absent a judgment, Peoples Bank has no alternative means to recoup the losses suffered as a result of Defendant's breach. This factor weighs in favor of entering default judgment.

### 2. The Merits and Sufficiency of Plaintiff's Substantive Claims

The second and third Eitel factors are frequently analyzed together. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp.2d 1172, 1175 (C.D. Cal. 2002). For these two factors to weigh in favor of default judgment, a plaintiff must state a claim on which it may recover, which often requires establishing a prima facie case. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). To prevail on a breach of contract claim, a plaintiff must show that a contract exists, that the contract imposes a duty, that the defendant breached that duty, and that the breach proximately cause damage to the plaintiff. Nw. Indep. Forest. Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 712 (1995).

Peoples Bank established the underlying facts in its Complaint and Motion for Default Judgment, along with its declarations in support of the Motion for Default Judgment, all of which the Court deems to be true. Peoples Bank alleges that it entered into a loan with Vollers. In return for this loan, Vollers executed a promissory note pursuant to which he would make payments, with interest. Vollers secured this promissory note through a preferred mortgage of the Vessel. Vollers defaulted on the Note when he failed to continue making payments owed to Peoples Bank. Peoples Bank has been monetarily damaged by this breach because it has not recovered the amount it is owed, and it has incurred legal fees in bringing this claim. Peoples Bank has established a meritorious claim for relief.

### 3. The Sum of Money at Stake in the Case

The fourth Eitel factor is the sum of money at stake in a case. In weighing this factor, courts consider the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether "the recovery sought is

proportional to the harm cause by defendant's conduct." Landstar Ranger, Inc. v. Parth Enter., Inc., 725 F.Supp2d 916, 921 (N.D. Cal. 2010).

Here, Peoples Bank requests the amount owed to it under the Note, in addition to interest and attorneys' fees, which were provided for under the terms contained in the Note. This is commensurate with a monetary judgment requiring Defendant to pay in full the amount due on the promissory note, plus the costs of enforcing the Note. The Court finds this factor weighs in favor of granting Peoples Bank's request.

**4.    The Possibility of a Dispute Concerning Material Facts**

With regard to the fifth Eitel factor, following entry of a default, all factual allegations in the Complaint are taken as true, except those respecting damages. Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008). Because Defendant has not appeared in the action and has filed no answer or response to the motion for default judgment, no factual disputes have been brought to the Court's attention. The affidavits on file with the Court demonstrate that Defendant was made aware of the action and the allegations set forth in the Complaint. Defendant's failure to present any defense supports the Court's finding that it is unlikely that genuine issues exist as to any material facts.

**5.    Whether the Default was Due to Excusable Neglect**

In the default judgment context, there is no excusable neglect where a defendant is aware of the actions but still fails to respond. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012); Craigslist Inc., v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1060 (N.D. Cal. 2010). Again, Defendant received notice of this action and service of the Complaint. Three months have passed since that time and Defendant has failed to appear and defend against the action. The Court finds no evidence of Defendant's excusable neglect.

1         **6.**       **The Strong Policy of the Federal Rules Favoring a Decision on the Merits**

2         The final Eitel factor requires the Court to weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits. Although "[c]ases should be decided upon their merits whenever reasonable possible," Eitel, 782 F.2d at 1472, "Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend" Landstar Ranger, 725 F.Supp.2d at 922. Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate. See Craigslist, 694 F.Supp.2d at 1061. Defendant has failed to participate in this case, rendering these default proceedings the only practical avenue for Peoples Bank to seek relief. The Court finds this factor also weighs in favor of Peoples Bank.

**CONCLUSION**

The Court finds that Peoples Bank has met all procedural requirements necessary for a default judgment and that the Eitel factors weigh in favor of granting Peoples Bank's Motion for Default Judgment. The Court therefore GRANTS Peoples Bank's Motion for Default Judgment against Defendants.

Plaintiff requests the Court enter an order foreclosing plaintiff's Preferred Mortgage against the Vessel and direct the U.S. Marshal to proceed with the sale of Vessel. (Motion at 8.) Because Plaintiff has established that it is the holder of a valid preferred mortgage against the Vessel, that the debt evidenced by the Note and secured by the Preferred Mortgage is due, that after proper publication of the Notice of Arrest no other person or entity has filed any claim to the Vessel, and that default judgment is warranted, the Court GRANTS Plaintiff's request. The Court's default judgment against Defendants will follow.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 23, 2022.

*Marsha J. Pechman*
Marsha J. Pechman
United States Senior District Judge